UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 1:21-cr-00729-RBW |
| : | |
| BRENT JOHN HOLDRIDGE, : | |
| : | |
| Defendant. : | |

**GOVERNMENTS' NOTICE OF FED. R. EVID. 404(b) AND 609 EVIDENCE**

The United States hereby provides notice of its intent to offer evidence at trial pursuant to Fed. R. Evid. 404(b) and 609.

    a. **RULE 404(b) EVIDENCE**

In accordance with Rule 404(b), the government may present evidence of the defendant's failure to obtain the required permission from his California probation officer to travel to the District of Columbia for the events of January 6, 2021.  Such evidence is proof of the defendant's intent and plan to engage in illegal activities on January 6, 2021, and his knowledge that such activities were illegal—that is, that the defendant knew when he entered the U.S. Capitol Building and Grounds that he did not have permission to do so, and that he knowingly entered and remained in the Capitol Building and Grounds without lawful authority.

"Federal Rule of Evidence 404(b) prohibits 'evidence of other crimes, wrongs, or acts to prove the character of a person in order to show action in conformity therewith[,]'" but "[i]t permits such evidence for purposes unrelated to the defendant's character or propensity to commit crime, such as 'proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *United States v. Bowie*, 232 F.3d 923, 926 (D.C. Cir. 2000) (quoting Fed. R. Evid. 404(b)).  "Rule 404(b) is a rule of inclusion rather than exclusion." *Id.* at 929.   It

1

prohibits the admission of other-acts evidence solely "for the purpose of proving that a person's actions conformed to his character." *Id.* at 929-30 (quoting *United States v. Crowder,* 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*); *accord United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) ("Evidence is only prohibited if it is offered for the impermissible inference that a defendant is of bad character resulting in bad conduct.").

Here, the government seeks to present evidence (including testimony of Richard Medley, Humboldt County, California, Senior Probation Officer) that although the defendant had requested and received permission from his probation officer to travel from California to Louisiana to visit his ailing mother in late 2020, he did not seek the required permission from his probation officer to travel to the District of Colombia for the events of January 6, 2021. The government seeks to introduce such evidence for Rule 404(b)(2)'s specifically permitted purposes of establishing the defendant's intent, plan, knowledge, and absence of mistake: that is, that he was fully aware that he lacked authority to enter the Capitol Building and Grounds on January 6, 2021, but that he intended and planned to do so. The fact that the defendant did not ask for permission to attend the events of January 6 in the District of Columbia shows that he intended to, planned to, and knew he would engage in illegal activity there, such as entering the Capitol Building and Grounds without authority, and that he was not under a mistaken impression that he was authorized to enter the Capitol Building and Grounds. In other words, he sought and received permission for his innocent trip to Louisiana in late 2020, but not for his trip to Washington, D.C., in January 2021. A reasonable inference from that fact is that he knew he was planning to engage in illegal activity on his trip to Washington, D.C.

Admission of Rule 404(b) evidence is permitted in the government's case-in-chief.

Specifically, the government is entitled to anticipate the defendant's denial of intent and knowledge and to introduce other-act evidence as part of its case-in-chief. *See, e.g., United States v. Lewis*, 759 F.2d 1316, 1349 n.14 (8th Cir. 1985) ("It was not necessary for the government to await defendant's denial of intent or knowledge before introducing [Rule 404(b)] evidence; instead the government may anticipate the defense and introduce it in its case-in-chief").

    a. **RULE 609 EVIDENCE**

If the defendant testifies at trial, the government will seek to impeach his credibility, pursuant to Rule 609(a), by presenting evidence of his prior felony convictions, including the following (the government has provided supporting documentation regarding these convictions to defense counsel):

- 1/6/2011 – Poss Controlled Subst for Sale, Methamphetamine, sentenced to three years county prison [*sic*], Mendocino County, CA, Superior Court;

- 7/5/2011 – Transportation/Sale of Marijuana, sentenced to two years state prison, Humbolt County, CA, Superior Court;

- 1/24/2012 – Transport/Sell Controlled Substance, sentenced to four years state prison, Humbolt County, CA, Superior Court;

- 3/27/2018 – Felon in Possession of a Firearm and Possession for Sale of a Controlled Substance, sentenced to three years state prison, Humbolt County, CA, Superior Court;

- 10/1/2020 – Controlled Substance - Possession for Sale, sentenced to three years county jail, Humbolt County, CA, Superior Court;

- 5/27/2021 – Controlled Substance - Possession for Sale, sentenced to eight months county jail and 52 months probation, Humbolt County, CA Superior Court;

"The Federal Rules allow for the admission of a defendant's prior convictions for purposes of impeachment, so long as the 'crime . . . was punishable by death or by imprisonment for more

3

than one year' (that is, it was a felony), and 'the probative value of the evidence outweighs its prejudicial effect.'" *United States v. Moore*, 75 F. Supp. 3d 444, 453 (D.D.C. 2014) (quoting Fed. R. Evid. 609(a)(1)). "[M]ore stringent limitations govern the use of prior convictions that are more than ten years old.'" *Id.* (citing Fed. R. Evid. 609(b)). "[I]f more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," admission of the conviction is still appropriate if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). The government does not yet have information regarding the dates on which the defendant was released from confinement for his convictions in 2011 and 2012. If Rule 609(b)'s "Limit on Using the Evidence After 10 Years" applies to those convictions, the government will evaluate whether to advocate for their admissibility under the higher standard set forth in that rule.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No.481052


        */s/ Joseph DeGaetano*
        JOSEPH DEGAETANO
        TN Bar No. 021448
        Assistant United States Attorney
        District of Columbia
        Capitol Riot Detailee
        555 4th Street, NW
        Washington, D.C. 20530
        Telephone No. (423) 385-1345
        Joseph.Degaetano@usdoj.gov

**CERTIFICATE OF SERVICE**

      On June 16, 2022, a copy of the foregoing was served on counsel of record for the defendant via the Court's Electronic Filing System.

                                                */s/ Joseph DeGaetano*
                                                Joseph G. DeGaetano
                                                Assistant United States Attorney