UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 1:21-cr-00729-RBW |
| v. : | |
| : | |
| BRENT JOHN HOLDRIDGE, : | |
| : | |
| Defendant. : | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PAYMENT OF TRAVEL EXPENSES**

The United States respectfully opposes the defendant's Motion for Payment of Travel Expenses (ECF 53). Although this Court has discretion to direct the United States marshal to arrange for the defendant's one-way, noncustodial transportation to the District of Columbia for a required court appearance (or to furnish the fare and subsistence expenses for such transportation), 18 U.S.C. § 4285; *United States v. James*, 762 F. Supp. 1, 2 (D.D.C. 1991), this Court should not do so under the circumstances of this case.

The defendant's presence before this Court is required because the defendant failed to report on four different occasions for drug testing as ordered by this Court and directed by his probation officer. *See* ECF 51 (Pretrial Violation Report) at 2; ECF 52 (Order requiring parties to appear to address recommendations in Pretrial Violation Report). The first of the defendant's failures to report was *at his own home*, to which the probation officer had made a five-hour (one-way) drive. *Id.* The government respectfully submits that it should not be required to pay the defendant's noncustodial travel expenses necessitated by the defendant's failure to abide by the conditions of his pretrial release.

Just last week, the Chief Judge of this Court denied a January 6 defendant's motion for an order directing the United States marshal to pay his travel expenses to the District of Columbia for

1

his sentencing hearing. *United States v. Devin Rossman*, No. 1:22-cr-280-BAH (minute order, Oct. 14, 2022). In denying that motion, the Chief Judge reasoned as follows:

> Regarding defendant's travel expenses, pursuant to 18 U.S.C. § 4285, funding may be dispensed when the defendant is "financially unable" to travel for his appearance on his own and "when the interests of justice would be served thereby." Defendant was able to travel to Washington, D.C. to engage in the very offense conduct that is the subject of these proceedings. The interests of justice would not be served by the U.S. Government paying for defendant to make that same trip now that he is to be sentenced for that offense conduct.

Although the defendant here states that he rode in a friend's car to the District of Columbia for the January 6 riot (*see* ECF 53 at n.1), that is contrary to what he told the FBI agent who interviewed him on September 29, 2021. In that interview (the report of which was provided to the defendant in discovery), the defendant told the FBI agent that he drove himself and a friend to Washington in his own vehicle (a Honda CRV). Accordingly, the interests of justice would not be served by requiring the government to pay for the defendant's noncustodial travel expenses.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No.481052

    */s/ Joseph DeGaetano*
JOSEPH DEGAETANO
TN Bar No. 021448
Assistant United States Attorney
District of Columbia
Capitol Riot Detailee
555 4th Street, NW,
Washington, D.C. 20530
Telephone No. (423) 385-1345
Joseph.DeGaetano@usdoj.gov

## CERTIFICATE OF SERVICE

      On October 20, 2022, a copy of the foregoing was served on counsel of record for the defendant via the Court's Electronic Filing System.

      */s/ Joseph DeGaetano*
      Joseph G. DeGaetano
      Assistant United States Attorney