UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 1:21-cr-00729-RBW |
| v. : | |
| : | |
| BRENT JOHN HOLDRIDGE, : | |
| : | |
| Defendant. : | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PAYMENT OF TRAVEL EXPENSES**

The United States respectfully opposes the defendant's Motion for Payment of Travel Expenses in connection with travel from his home in California to the District of Columbia for his sentencing hearing on December 2, 2022 (ECF 61).  The United States does not oppose the defendant's alternative request to convene his sentencing hearing by videoconference if the Court is so inclined.[1]

Although this Court has discretion to direct the United States marshal to arrange for the defendant's one-way, noncustodial transportation to the District of Columbia for a required court appearance (or to furnish the fare and subsistence expenses for such transportation), 18 U.S.C. § 4285; *United States v. James*, 762 F. Supp. 1, 2 (D.D.C. 1991), this Court should not do so under the circumstances of this case.

The defendant's in-person sentencing hearing has been scheduled for approximately three and a half months.  (ECF 49, Order entered August 4, 2022).  Through his Motion, the defendant states that "he has been unable to save enough money to afford the car repairs necessary to make the journey" to his sentencing hearing.  (ECF 61 at 1).  Given that the defendant chose to travel at

---

[1] As set forth in its Sentencing Memorandum, however, the United States will be advocating for a sentence of incarceration.  (ECF 59).

1

his own expense to participate in the riot of January 6, 2021, the United States submits that it should not be required to pay for the defendant's noncustodial travel to be sentenced for his offense.

Just last month, the Chief Judge of this Court denied a January 6 defendant's motion for an order directing the United States marshal to pay the defendant's expenses to travel to the District of Columbia for his sentencing hearing. *United States v. Devin Rossman*, No. 1:22-cr-280-BAH (minute order, Oct. 14, 2022). In denying that motion, the Chief Judge reasoned as follows:

> Regarding defendant's travel expenses, pursuant to 18 U.S.C. § 4285, funding may be dispensed when the defendant is "financially unable" to travel for his appearance on his own and "when the interests of justice would be served thereby." Defendant was able to travel to Washington, D.C. to engage in the very offense conduct that is the subject of these proceedings. The interests of justice would not be served by the U.S. Government paying for defendant to make that same trip now that he is to be sentenced for that offense conduct.

Likewise in the present case, the interests of justice would not be served by requiring the government to pay for the defendant's noncustodial travel expenses, particularly where the defendant has failed to detail any efforts during the past several months to arrange for his travel to his sentencing hearing. *See United States v. Forest*, 597 F. Supp. 2d 163, 165-166 (D. Me. 2009) (noting that § 4285 "places the onus" on defendant to demonstrate by "sworn statement" that he "is so destitute" that he is financially unable to provide funds necessary for transportation to court, and that defendant must overcome "an especially heavy burden" to establish inability to pay). Moreover, the court in *Forest* noted that "be[ing] indigent for purposes of appointment of counsel . . . is a different standard[, and that a] person might not be able to pay for her own lawyer, but at the same time, be fully capable of finding gas money to appear at court." *Id.* at 165. Although the distance involved in *Forest* (within Maine) was much shorter than the distance between California

2

and the District of Columbia, the defendant has not carried his burden of demonstrating why the United States should bear the costs of his travel.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No.481052


        */s/ Joseph DeGaetano*
JOSEPH DEGAETANO
TN Bar No. 021448
Assistant United States Attorney
District of Columbia
Capitol Riot Detailee
555 4th Street, NW,
Washington, D.C. 20530
Telephone No. (423) 385-1345
Joseph.DeGaetano@usdoj.gov

**CERTIFICATE OF SERVICE**

On November 18, 2022, a copy of the foregoing was served on counsel of record for the defendant via the Court's Electronic Filing System.

*/s/ Joseph DeGaetano*
Joseph G. DeGaetano
Assistant United States Attorney
