UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No. 21-729 (RBW) |
| | ) |
| BRENT JOHN HOLDRIDGE, | ) |
| | ) |
| Defendant. | ) |

### ORDER

On August 4, 2022, the defendant pleaded guilty to parading, demonstrating, or picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). See Plea Agreement at 1, ECF No. 45. On January 10, 2023, the defendant was sentenced to a sixty day prison sentence, followed by a three year term of probation. See Judgment in a Criminal Case at 2, 4, ECF No. 69. On June 22, 2024, the defendant filed a motion to vacate his sentence. See Motion to Terminate Probation as an Illegal Sentence ("Def.'s Mot."), ECF No. 79. Then, at the June 27, 2024 hearing on the motion, the defendant orally amended his motion seeking relief pursuant to 28 U.S.C. § 2255.

"Under 28 U.S.C. § 2255, a 'prisoner in custody under sentence of a court' may 'move the court which imposed the sentence to vacate, set aside, or correct the sentence' if the prisoner claims 'that the sentence was imposed in violation of the Constitution or laws of the United States . . ., or that the sentence was in excess of the maximum authorized by the law[.]'" United States v. Wilson, No. 93-cr-354 (EGS), 2019 WL 481752, at *2 (D.D.C. Feb. 7, 2019). The defendant "can justify § 2255 relief [ ] by showing an intervening change in the law [since the date of his judgment] that warrants a different outcome." United States v. Tchibassa, 646 F. Supp. 2d 144, 146 (D.D.C. 2009); Davis v. United States, 417 U.S. 333, 346 (1974) (holding that

review under 28 U.S.C. § 2255 is available to a petitioner, where there is an intervening change in the law of a circuit court of appeals).

Here, the defendant "moves to terminate his probation as unlawful in light of United States v. Little, 78 F.4th 453 (D.C. Cir. 2023)." Def.'s Mot. at 1. More specifically, the defendant argues that "Little makes clear that this Court was never allowed to impose dual punishments, incarceration and probation, for a single petty offense. Yet, [the defendant] received both." Id. Accordingly, the defendant claims "[n]ow that he has fully served his prison term—one of the prescribed alternatives under the statute of his conviction—his probation should be terminated because he cannot twice be punished for the same offense." Id.

The Court concludes that there has been "an intervening change in the law that warrants a different outcome" in this matter. Tchibassa, 646 F. Supp. 2d at 146; Davis, 417 U.S. at 346 (holding that review under 28 U.S.C. § 2255 is available to a petitioner, where there is an intervening change in the law of a circuit court of appeals). More specifically, the District of Columbia Circuit's decision in Little makes clear that the defendant in this case could not have been sentenced to both imprisonment and probation for the offense for which he was sentenced. See Little, 78 F.4th at 461. And, that was the sentence the defendant received. Therefore, consistent with the District of Columbia's holding in Little, 78 F.4th at 454 ("Probation and imprisonment are alternative sentences that generally cannot be combined. So the district court could not impose both for [the defendant's] petty offense."), the Court must "vacate and set . . . aside" the challenged judgment and resentence the defendant to time served, 28 U.S.C. § 2255 (b).[1] Accordingly, it is hereby

---

[1] The Court recognizes that "[a] § 2255 motion has a one-year statute of limitations[,]" which has been exceeded in this matter. More specifically, the defendant's sentence was entered on January 10, 2023, which is more than a year from the date he filed the instant motion—viz., June 22, 2024. However, the Supreme Court has held that "the

(continued . . .)

**ORDERED** that the defendant's Motion to Terminate Probation as an Illegal Sentence, ECF No. 79, is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent that it seeks to vacate the defendant's sentence. The motion is **DENIED** in all other respects. It is further

**ORDERED** that the defendant's Judgment, ECF No. 69, is **VACATED**. It is further

**ORDERED** that the defendant is **RESENTENCED** to time served. It is further

**ORDERED** that the defendant shall be released immediately.

**SO ORDERED** this 28th day of June, 2024.

*/s/ Reggie B. Walton*
REGGIE B. WALTON
United States District Judge

---

(. . . continued)

AEDPA 'statute of limitations defense . . . is not jurisdictional.'" Holland v. Florida, 560 U.S. 631, 645 (2010) (omission in original) (quoting Day v. McDonough, 547 U.S. 198, 205 (2006)). In other words, the statute "does not set forth 'an inflexible rule requiring dismissal whenever' its 'clock has run.'" Id. (quoting Day, 547 U.S. at 208). Indeed, "Section 2255(f)'s one-year statute of limitations can be subject to equitable tolling." United States v. Kelsey, No. 16-cr-55 (RBW), 2024 WL 51131, at *5 (D.D.C. Jan. 4, 2024). "A defendant moving for relief under § 2255 'is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Id. (quoting Holland, 560 U.S. at 649).

Here, the defendant was sentenced prior to the District of Columbia Circuit's decision in Little, which was issued on August 18, 2023. Accordingly, he could not have challenged the illegality of his sentence until that date. Furthermore, the defendant "pursu[ed] his rights diligently," as indicated by the fact that he filed his § 2255 motion within a year of the Little decision. Kelsey, 2024 WL 51131, at *5. Finally, at the June 27, 2024 hearing, the government indicated that it would waive any statute of limitations arguments, which was likely motivated by its belief that the defendant was entitled to equitable tolling. Accordingly, consistent with the government's concession, the Court concludes that the defendant is entitled to equitable tolling and will exercise its discretion in order to consider the defendant's motion.